[Opinion delivered March 10, 1886.]

---

[No. 2051.]

LUIS RODRIGUIZ *v.* THE STATE.

RAPE.— The Code of this State recognizes no mental incapacity of the female as a consideration affecting the offense of rape; and, therefore, whatever may have been the mental condition of the female, if she was over the age of ten years at the time of the alleged rape, it devolves upon the State to allege and prove that the carnal knowledge was obtained without her consent, and by means of force, threats or fraud. The trial court, therefore, erred in charging the jury, in effect, that if the female was shown by the evidence to be an idiot, and mentally incapable of giving consent to the act of carnal intercourse, the State was exonerated from proof of non-consent. See the opinion *in extenso* on the question.

APPEAL from the District Court of Nueces. Tried below before the Hon. J. C. Russell.

The conviction in this case was for an assault with intent to rape one Louisa Rodriguez, a female over the age of ten years. A term of two years in the penitentiary was the penalty assessed against the appellant.

Doctor W. W. McGregor was the first witness for the State. He

menstruated for five years, on being discovered by her mother with uplifted clothes and seated on a chair with a man astride of her, with his private parts in contact with or nearly touching her private parts, makes no outcry or resistance on the entrance of her mother, who disturbs neither party, and the girl is observed by her mother only to turn pale, could such idiot, under such circumstances, be capable of consent to carnal intercourse?" Witness replied that, under such circumstances, the female would neither be capable of consenting nor have the intelligence to resist. She would not have sense enough to turn pale on being caught in the act of copulation, but would be wholly under the control of her sexual passion. The State closed.

Louisa (Jesusa?) Valdez testified that she knew Refujia Hernandez, the mother of Louisa, and had talked to her about the transaction between defendant and Louisa. Refujia stopped witness on her way to the drug store, and asked if witness had heard what had happened to her daughter. Witness asked Refujia if she caught the parties in the act. She replied that she did not, but that she found the man standing in the door, and the girl was sitting on the floor.

The motion for new trial raised the question discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a judgment of conviction for assault with intent to commit rape, the punishment being assessed at two years in the penitentiary. It is shown by the evidence that Louisa Rodriguez, the assaulted female, was fifteen years of age and an idiot.

Amongst other things, the court charged the jury, "if you believe, from the evidence, that the said Louisa Rodriguez was an idiot and incapable, from want of mental capacity, of giving consent to sexual intercourse, and the defendant, on or about the time alleged in the indictment, in Nueces county, did make an assault upon said Louisa Rodriguez with intent to ravish her by the use of force and fraud, as charged in the indictment, and without her consent, she, the said Louisa, then and there being an idiot and incapable, for want of mental capacity, to give her consent to sexual intercourse, you will find him guilty as charged in the indictment

and assess his punishment," etc. It was alleged in the indictment that the offense was committed by force and fraud and without her consent.

At common law, and in most of the States, the instruction of the court would have presented the correct rule of law. Mr. Bishop says: "Whenever there is a carnal connection and no consent in fact, fraudulently obtained or otherwise, there is evidently in the wrongful act itself all the *force* which the law demands as an element of the crime. For example, . . . if she is so idiotic as to be absolutely incapable of consent or dissent, and the man does not suppose he has her consent, the connection with her is rape. If more of force were required than is involved in the carnal act, this could not be so." (2 Bish. Cr. L. (7th ed.), §§ 1120, 1121.) Again he says, "if the woman is *non compos* and so neglects to oppose, because she has no intelligent will, the intercourse with her, where there is nothing which may be called for the purpose a consent, is rape." (Id., § 1123.)

But this is not the law as it obtains in Texas under the peculiar phraseology of our statutes with regard to rape. In the well considered opinion of Judge Hurt in *Baldwin* v. *The State*, 15 Texas Ct. App., 275, where the subject is most thoroughly discussed, it is said: "But, suppose she is insane — *non compos mentis* — without knowledge of the right or wrong as to the act, but nevertheless assents, prompted by natural desire,— in such a case we are of opinion that, under our Code, there could be no rape. For, by article 528, the carnal knowledge must be by *force, and without the consent* of the female." Again he says: "We are of opinion that, in a case in which the female is over ten years of age, rape cannot be committed unless against the consent of the woman, and force, threats or fraud be the means used to effect the act of carnal knowledge. For, if there be no force, threats or fraud used, under our statute, be the common law what it may, most evidently there can be no rape. Nor will the force which of necessity is involved in the carnal act be sufficient." So profoundly impressed was this court with the radical deficiency of our law in this particular, that it was respectfully suggested in the Baldwin case that the Legislature should pass an act which would supply this serious defect in the law. And again it was recommended to the Nineteenth Legislature that they amend article 528 so as to cure this defect (Rept. of Att'y Gen., 1884, p. 17), but the Legislature seem to have thought it unnecessary; at all events, they have not acted upon the suggestion or recommendation. Meantime one of the most revolting and

heinous crimes against humanity can be perpetrated with impunity, because it is no crime under our law.

For error in the charge of the court to the jury the judgment is reversed and the cause remanded.

*Reversed and remanded.*